J-S15039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LONNIE DEAN GREENAWALT, JR. | : | |
| | : | |
| Appellant | : | Nos. 1433-1440 WDA 2018 |

Appeal from the PCRA Order Entered September 17, 2018
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0000346-2016;
CP-26-CR-0001469-2016; CP-26-CR-0001470-2016;
CP-26-CR-0001471-2016; CP-26-CR-0001472-2016;
CP-26-CR-0001707-2016; CP-26-CR-0001730-2016;
CP-26-CR-0002149-2016

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED JUNE 04, 2019**

Appellant, Lonnie Dean Greenawalt, Jr., appeals from the orders entered in the Fayette County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On November 8, 2016, Appellant entered a negotiated guilty plea at eight separate docket numbers to numerous crimes including, but not limited to, burglary, criminal trespass, theft, aggravated assault by vehicle while driving

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

under the influence of alcohol or a controlled substance, and careless driving. At the plea hearing, the parties agreed Appellant was entering the guilty pleas in exchange for a "package deal" of an aggregate 10 to 20 years' imprisonment at all dockets. The court accepted Appellant's plea as knowing, intelligent, and voluntary. On December 15, 2016, the court sentenced Appellant to the negotiated aggregate sentence of 10 to 20 years' incarceration. Appellant did not file post-sentence motions or a direct appeal.

On December 14, 2017, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel the next day, who filed an amended PCRA petition on March 22, 2018. The court held a PCRA hearing on May 14, 2018, at which Appellant and plea counsel testified.[2] Appellant testified, *inter alia*, that he asked counsel to file post-sentence motions and a direct appeal on his behalf at the conclusion of the sentencing hearing. Appellant claimed he saw a defense investigator about a week after sentencing and inquired about his post-sentence motions and direct appeal. Appellant said he also wrote counsel two letters after the sentencing hearing to check the status of those filings but received no response. Appellant conceded he did not have copies of the letters. Appellant insisted he wanted to challenge the 10-to-20 year sentence, where Appellant believed he would receive only an aggregate sentence of 7 to 14 years. (*See* N.T. PCRA Hearing, 5/14/18, at 4-13).

_____

[2] Appellant was represented by different attorneys in the Public Defender's Office at the plea and sentencing proceedings. Sentencing counsel was deceased at the time of the PCRA hearing.

Plea counsel testified, *inter alia*, that Appellant knew he would receive a package plea deal of 10 to 20 years' imprisonment in exchange for his guilty pleas at the eight dockets. Plea counsel said Appellant's file did not contain any letters from Appellant following sentencing. Plea counsel explained the Public Defender's Office does not destroy letters from a client. Plea counsel confirmed there was no indication that Appellant had requested, formally or informally, to file post-sentence motions or a direct appeal. (**See id.** at 14-18).

On September 17, 2018, the PCRA court denied relief. In its order and opinion denying relief, the court expressly stated it found Appellant's testimony incredible and plea counsel's testimony credible. Appellant timely filed a notice of appeal at each underlying docket on October 4, 2018,[3] along with a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises two issues for our review:

> WHETHER THE PCRA COURT ERRED IN NOT FINDING [PLEA COUNSEL] INEFFECTIVE FOR FAILING TO FILE A MOTION FOR MODIFICATION OF SENTENCE?
>
> WHETHER THE PCRA COURT ERRED IN NOT FINDING [PLEA COUNSEL] INEFFECTIVE FOR FAILING TO FILE A NOTICE OF APPEAL ON APPELLANT'S BEHALF?

---

[3] **See Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969 (2018) (requiring separate notices of appeal from single orders which resolve issues arising on separate trial court docket numbers). This Court *sua sponte* consolidated the appeals.

(Appellant's Brief at 3).[4]

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

Appellant argues he asked sentencing counsel to file post-sentence motions and a direct appeal on his behalf. Appellant claims counsel had no reasonable basis for failing to file post-sentence motions and an appeal after Appellant made repeated requests for counsel to do so. Appellant insists prejudice is presumed in this case because counsel's ineffectiveness resulted in the denial of Appellant's right to pursue direct appellate relief. Appellant concludes the court erred by dismissing his PCRA petition, and this Court must vacate and remand for reinstatement of Appellant's right to file post-sentence

---

[4] Appellant combines his questions presented into one argument section, which is a technical violation of the rules of appellate procedure. *See* Pa.R.A.P. 2119(a) (stating argument section shall be divided into as many parts as there are questions to be argued).

motions and a direct appeal *nunc pro tunc*. We disagree.

The law presumes counsel has rendered effective assistance. **Commonwealth v. Gonzalez**, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). Generally, when asserting a claim of ineffective assistance of counsel, the petitioner is required to plead and prove: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability the outcome of the proceedings would have been different. **Commonwealth v. Turetsky**, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007).

"Actual or constructive denial of the assistance of counsel, however, falls within a narrow category of circumstances in which prejudice is legally presumed." **Commonwealth v. Lane**, 81 A.3d 974, 978 (Pa.Super. 2013), *appeal denied*, 625 Pa. 658, 92 A.3d 811 (2014). Our Supreme Court has held:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

***Commonwealth v. Lantzy***, 558 Pa. 214, 226-27, 736 A.2d 564, 572 (1999) (internal footnote omitted). In other words, if counsel neglects to file a **requested** direct appeal, "counsel is *per se* ineffective as the defendant was left with the functional equivalent of no counsel." ***Commonwealth v. Markowitz***, 32 A.3d 706, 715 (Pa.Super. 2011), *appeal denied*, 615 Pa. 764, 40 A.3d 1235 (2012).

Even if a defendant does not expressly ask counsel to file a direct appeal, counsel still has a duty "to adequately consult with the defendant as to the advantages and disadvantages of an appeal **where there is reason to think that a defendant would want to appeal**." ***Commonwealth v. Bath***, 907 A.2d 619, 623 (Pa.Super. 2006), *appeal denied*, 591 Pa. 695, 918 A.2d 741 (2007) (emphasis added). Where the defendant did not request counsel to file a direct appeal but counsel failed to consult with the defendant, counsel is not *per se* ineffective and the court applies the traditional three-prong test "to decide whether counsel rendered constitutionally ineffective assistance by failing to advise [the] client about his appellate rights." ***Markowitz, supra*** at 716.

> Pursuant to [***Roe v. Flores-Ortega***, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) and its Pennsylvania expression, ***Commonwealth v. Touw***, 781 A.2d 1250 (Pa.Super. 2001)], counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." [***Id.***] at 1254 (quoting ***Roe***[***,***

*supra*] at 480, 120 S.Ct. [at 1036]).

**Bath, supra** at 623. "Where a petitioner can prove either factor, he establishes that his claim has arguable merit." **Markowitz, supra** at 716. Prejudice in this context means a defendant must show a reasonable probability that, but for counsel's failure to consult, the defendant would have sought additional review. **Touw, supra** at 1254.

Likewise, where counsel fails to file requested post-sentence motions, the traditional three-prong test applies to determine whether counsel was ineffective. **Commonwealth v. Grosella**, 902 A.2d 1290 (Pa.Super. 2006) (distinguishing between counsel's failure to file direct appeal which completely forecloses appellant from direct review and counsel's failure to file post-sentence motions which narrows ambit of claims appellant can raise on direct appeal). **See also Commonwealth v. Reaves**, 592 Pa. 134, 923 A.2d 1119 (2007) (holding defendant must satisfy traditional three-prong ineffectiveness test concerning counsel's failure to file post-sentence motions).

Instantly, the PCRA court expressly rejected Appellant's testimony that he had asked counsel to file post-sentence motions and/or a direct appeal after sentencing. Rather, the court found plea counsel's testimony credible that nothing in Appellant's file indicated Appellant had made any request, formally or informally, for counsel to file post-sentence motions and/or a direct appeal. Plea counsel also testified that Appellant knew the terms of the plea bargain called for a negotiated sentence of 10 to 20 years. We are bound by

the PCRA court's credibility determinations. **See Dennis, supra**. Thus, counsel cannot be deemed *per se* ineffective for failing to file a direct appeal or ineffective under the traditional three-prong test for failing to file post-sentence motions. **See Lantzy, supra**; **Lane, supra**; **Markowitz, supra**. **See also Reaves, supra**; **Grosella, supra**.

Additionally, given the guilty plea and negotiated sentence, the only issues Appellant could raise on appeal would have been the jurisdiction of the court, the validity of the guilty plea, or the legality of his sentence. **See Commonwealth v. Eisenberg**, 626 Pa. 512, 98 A.3d 1268 (2014) (stating upon entry of guilty plea, defendant waives all claims and defenses, except those surrounding jurisdiction of court, validity of plea, and legality of sentence imposed); **Commonwealth v. Reid**, 117 A.3d 777 (Pa.Super. 2015) (explaining upon entry of guilty plea followed by imposition of specifically negotiated sentence, defendant waives challenge to discretionary aspects of sentencing).

Here, Appellant does not contend, and nothing in the record suggests, that the trial court lacked jurisdiction or that the sentence is illegal. Further, the record makes clear Appellant entered his guilty plea in exchange for a "package deal" aggregate sentence of 10 to 20 years' imprisonment at all dockets. The court subsequently imposed the specifically negotiated sentence, so Appellant received the benefit of his bargain. Under these circumstances, counsel would have had no reason to think Appellant wanted

to challenge the sentence; and Appellant failed to demonstrate he was interested in an appeal. *See Bath, supra*. Thus, the PCRA court properly denied relief on the grounds asserted. Accordingly, we affirm.

Orders affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/4/2019